# IN THE COURT OF APPEALS OF IOWA

No. 15-1514
Filed September 28, 2016

IN RE THE MARRIAGE OF JENNIFER LEE PICCIANO
AND MICHAEL CHRISTOPHER PICCIANO

Upon the Petition of
JENNIFER LEE PICCIANO, n/k/a JENNIFER LEE BRUNER,
          Petitioner-Appellant/Cross-Appellee,

And Concerning
MICHAEL CHRISTOPHER PICCIANO,
          Respondent-Appellee/Cross-Appellant.
_____

          Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,
Judge.


          A mother appeals and a father cross-appeals the custody, physical care,
visitation, and child support provisions of their dissolution decree.  **AFFIRMED
ON BOTH APPEALS.**


          Eric D. Puryear and Eric S. Mail of Puryear Law, P.C., Davenport, for
appellant.

          Kristina K. Lyon of Gallagher, Millage & Gallagher, P.L.C., Bettendorf, for
appellee.


          Considered by Doyle, P.J., Tabor, J., and Mahan, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Michael Picciano and Jennifer Picciano were married in 2013 and had a child later that year. The family lived in Florida together until November 2013, when Jennifer obtained a restraining order against Michael and moved with the child to her mother's home in Iowa. Jennifer subsequently dropped the protection order, and the parties tried to reconcile while Jennifer and the child remained in Iowa. Michael traveled—as his schedule allowed—to Iowa to visit. Around August 2014, the parties acknowledged the marriage could not be saved. In February 2015, Jennifer filed a petition to dissolve their marriage. After a trial, the district court entered a decree dissolving the marriage. Jennifer appeals the court's decision to order joint custody and provide reasonable visitation to Michael. Michael cross-appeals the district court's calculation of child support and decision to place physical care of the child with Jennifer.

As to legal custody, Jennifer requests we order sole custody to her in light of the parties' "abusive relationship and inability to communicate." Jennifer also requests we order Michael's visits with the child to take place in Iowa rather than at Michael's home in Florida. In contrast, Michael requests we order physical care of the child with him, claiming Jennifer "will not foster [his] relationship" with the child due to her "personal animosity" toward him. Michael also requests his child support obligation be adjusted from $700 per month to $593.68 per month in light of his "rental loss for the marital home" and "involuntary income concession." Both parties challenge the court's ordering Michael to pay $750 of Jennifer's attorney fees, and both parties request appellate attorney fees.

Upon our de novo review of the record, along with a careful study of the briefs and the district court's ruling, we conclude the findings of fact and credibility determinations in the district court's twenty-plus page ruling thoroughly and correctly address each issue raised by the parties. We further conclude the district court did not abuse its discretion in ordering Michael to pay $750 of Jennifer's attorney fees. Giving deference to the court's credibility findings as well as paramount consideration to the best interests of the child, and having determined the district court correctly applied the governing legal and equitable principles, we approve the reasons and conclusions of the district court's opinion. A full opinion of this court would not augment or clarify existing case law. Accordingly, we affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e). We decline to award appellate attorney fees in this case.

**AFFIRMED ON BOTH APPEALS.**